UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-------------------------------------------------- x
WAYNE GILMORE,                                     :
an individual,                                     :
                                                   :     CASE NO.: 2:22-cv-686
              Plaintiff,                           :
                                                   :
v.                                                 :
                                                   :
ST. CHARLES PLAZA                                  :
PARTNERS, L.L.C.,                                  :
a Louisiana Limited Liability Company,             :
                                                   :
              Defendant.                           :
-------------------------------------------------- x
```

# COMPLAINT

Plaintiff, WAYNE GILMORE, by and through his undersigned counsel, hereby files this Complaint and sues ST. CHARLES PLAZA PARTNERS, L.L.C., a Louisiana Limited Liability Company, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, WAYNE GILMORE, (hereinafter referred to as "MR. GILMORE" or "PLAINTIFF"), is a resident of St. John the Baptist Parish, Louisiana.

4.  MR. GILMORE is a qualified individual with a disability under the ADA. MR.

1

GILMORE is paralyzed from the waist down. MR. GILMORE is a paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, PLAINTIFF is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. Upon information and belief, Defendant ST. CHARLES PLAZA PARTNERS, L.L.C., a Louisiana Limited Liability Company, which is registered to do business in the State of Louisiana (hereinafter referred to as "DEFENDANT"), is the owner, lessee, lessor and/or operator of the real properties and improvements which is the subject of this action, to wit: the "Property," known as St. Charles Plaza, generally located at 12715 Highway 90, Luling, Louisiana, 70070. The DEFENDANT is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Saint Charles Parish, Louisiana. DEFENDANT is responsible for complying with the obligations of the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. PLAINTIFF realleges and reavers the proceeding paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza, is a public accommodation and is subject to the ADA.

10. MR. GILMORE has visited the Property numerous times and plans to visit the Property again in the near future.

11. During his visits, MR. GILMORE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in detail herein.

12. MR. GILMORE continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed herein which still exist.

13. MR. GILMORE intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action. However, but for the barriers described herein, Plaintiff would visit the Property more often.

14. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against PLAINTIFF due to, but not limited to, its failure to remedy, *inter alia*, the following violations:

    A. Plaintiff encountered inaccessible distribution of disabled use parking spaces throughout the Property due Defendant's failure to provide any disabled parking spaces in the section of the Property which includes J'aime Le Café and H&R Block. Additionally, the sidewalk at this area only has one curb ramp on the far end of the building near J'aime Le Café and no curb access on the other end of this section. These conditions forced Plaintiff to park an unreasonable distance away from several of the stores he intended to visit and subjected him to vehicular traffic in the parking lot due to the placement and lack of curb ramps and ADA parking spaces in this section of the Property.

    B. Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the rest of the Property due to extremely faded paint markings and a total lack of ADA signage to identify the disabled use

          parking as exclusively for disabled use. This caused Plaintiff difficulty and confusion in locating a disabled use parking space.

    C.    Plaintiff encountered inaccessible parking spaces designated for disabled use throughout the Property due to Defendant's failure to provide full width access aisles for each disabled use parking space and pavement in disrepair within the parking spaces. These conditions made it more difficult and dangerous for Plaintiff to safely transfer out of a vehicle and into his wheelchair.

    D.    Plaintiff encountered inaccessible routes and sidewalks between the parking designated for disabled use and the store entrances throughout the Property due uneven pavement and disrepair along the routes. These conditions forced Plaintiff to use extra caution when maneuvering over these dangerous sections of the Property and increased his risk of a fall.

15.    Furthermore, DEFENDANT continues to discriminate against PLAINTIFF by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16.    To date, all barriers to access and ADA violations still exist and have not been

remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

17. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

18. Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

19. Independent of his intent to return as a patron to the Property, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That this Court Declare that the Property owned, leased, leased to and/or operated by DEFENDANT is in violation of the ADA;

    B. That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing DEFENDANT to evaluate and neutralize

its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Dated: March 16, 2022

>
> Respectfully submitted,
> KU & MUSSMAN, P.A.
>
>
> By: */s/ Georgianne Sims*
> Georgianne Sims, Esq. (La. # 27879)
> 18501 Pines Blvd, Suite 209-A
> Pembroke Pines, FL 33029
> Tel: (305) 891-1322
> Fax: (954) 686-3976
> Georgianne.sims@gmail.com
> Attorney for Plaintiff